UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID A. NIXON, | ) | CASE NO. 1:24-cv-1774 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| DIANE LLOYD, *et al.*, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

## I. BACKGROUND

On October 11, 2024, Plaintiff David A. Nixon, a *pro se* Ohio prisoner incarcerated in the Lorain Correctional Institution, filed an *in forma pauperis* prisoner civil rights complaint under 42 U.S.C. § 1983 against Institutional Inspector Diane Lloyd, School Administrator Kimberly Albert, and Ohio Department of Rehabilitation and Corrections Assistant Chief Inspector Melton. (ECF No. 1). In the Statement of Claim section, Plaintiff first puts forward allegations that prison officials mishandled his mail. (*Id.* at PageID #3–4). He alleges that Defendant Lloyd "confiscated" his mail from the Portage County Court of Common Pleas and "unlawfully withheld it" until Warden Black "got involved" and ordered Investigator Mendenhall to handle his mail. (*Id*. at PageID #4). He asserts the following allegations concerning the use of grievance procedures: (i) "Plaintiff exercised the grievance procedure regarding [the] mail issue"; (ii) Defendants Lloyd and Melton controlled the grievance procedures and "acted in collusion and conspiracy to avoid any disciplinary actions for tampering with [his] mail"; (iii) Plaintiff submitted "kites" to the Warden and Investigator Mendenhall "demanding to speak to state [highway] patrol to file charges on Lloyd"; and (iv) "Defendants Lloyd and Melton retaliated against [him] for going to the Warden by suspending his grievance procedures for 90 days." (*Id*.)

Plaintiff further alleges that Defendants Lloyd and Albert "acted in collusion and civil conspiracy" to remove him from a legal clerk position. (*Id.* at PageID #5–6). Specifically, he alleges that: (i) Defendant Albert retaliated against Plaintiff for filing grievances against her that accused Albert of "establishing a relationship with another legal clerk" based on favorable treatment towards that clerk; (ii) Defendants Albert and Lloyd "conspired" to have Librarian Lindsey Meyers issue a conduct report against him for missing a half-day of work; (iii) Plaintiff was then fired from his legal clerk position because of a "fabricated" job evaluation; and (iv) Plaintiff's "legal files were deleted from law computers" when Defendant Albert barred Plaintiff from working in the library for a week. (*Id.*).

Finally, the Plaintiff asserts the following claims against Defendants Lloyd, Melton, and Albert: (i) "First Amendment denial of access to the courts regarding deleted files/access to library"; (ii) "First Amendment retaliation regarding filed kites, informal complaints, direct grievances"; (iii) "Fourteenth Amendment due process violations regarding denial of proper grievance procedures and suspension of grievance access"; and (iv) "civil conspiracy, regarding the collusion behind closed doors, and 'fabricated' documents and reports to justify firing Plaintiff from clerks job." (*Id*. at Page ID #7). The complaint does not list any request for relief. (*Id.*).

## II. STANDARD OF REVIEW AND DISCUSSION

Plaintiff is proceeding *in forma pauperis*, so his complaint is subject to initial screening under 28 U.S.C. § 1915(e)(2)(B). Under that statute, federal district courts are expressly required to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the dismissal

standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12 (b)(6) governs dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)).

To survive a dismissal for failure to state a claim, a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a plausible claim for relief on its face. *Id.* at 471. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although detailed factual allegations are not required, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf or "guess at the nature" of their claims. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Upon review, the Court finds that Plaintiff's complaint must be dismissed under § 1915(e)(2)(B). To begin with, the allegations and statements in the complaint are meandering, unclear, and difficult to parse. Even liberally construed, the unclear statements and assertions in Plaintiff's complaint fall short of the basic pleading requirements to plausibly assert a cause of action upon which he may be granted relief against any Defendants. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (providing that a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

First, Plaintiff's complaint does not allege a cognizable First Amendment access-to-the-courts claim. Although prisoners have a constitutional right under the First Amendment of access

3

to the courts, *see Bounds v. Smith*, 430 U.S. 817, 821 (1977), this right is limited. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996). To state a cognizable claim, Plaintiff must show that he suffered "an actual injury to existing or contemplated litigation" as a result of being denied access to legal resources. *Courtemanche v. Gregels*, 79 F. App'x 115, 117 (6th Cir. 2003). He must plead and demonstrate that his lack of access to legal resources *actually* hindered his efforts to pursue a non-frivolous legal claim. *See Lewis*, 518 U.S. at 351–53 (1996); *Clark v. Corr. Corp. of Am.*, 113 F. App'x 65, 68 (6th Cir. 2004) (affirming *sua sponte* dismissal of a prisoner's claim of denial of access to the courts where the prisoner "offered no factual allegation suggesting that defendants prevented him from presenting a non-frivolous legal claim"). And a prisoner's right of access to the courts does not extend to every type of claim or legal action he wishes to pursue. Rather, the right is limited only to a prisoner's filing of a non-frivolous direct appeal in his criminal case, a habeas corpus application, or a civil rights action challenging the conditions of his confinement.[1] *Courtemanche*, 79 F. App'x at 117.

Plaintiff's complaint fails to allege, much less demonstrate, that he suffered any actual injury or prejudice in his ability to pursue a non-frivolous direct appeal in a criminal case, a habeas corpus application, or a civil rights action challenging the conditions of his confinement as a result of being denied access to legal resources or through the actions of Defendants. His complaint therefore fails to state a plausible access-to-the-courts claim. *See, e.g.*, *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003) (affirming the dismissal of a prisoner's access-to-the-courts claim when his allegation of actual prejudice was "purely conclusory" and he failed to allege, among other things, "the exact nature of his frustrated claims"); *Fields v. County of Lapeer*, No. 99-2191,

---

[1] A prisoner also does not have a constitutional right to access to the prison library as often as he desires. *See Thomas v. Campbell*, 12 F. App'x 295, 297 (6th Cir. 2001).

4

2000 U.S. App. LEXIS 29182, at *4–5 (6th Cir. Nov. 8, 2000) ("A speculative injury does not vest a plaintiff with standing [to pursue an access-to-the-courts claim] . . . .").

Second, Plaintiff's complaint fails to allege a plausible Fourteenth Amendment Due Process claim. Liberally construed, Plaintiff alleges a violation of due process rights tied to Defendants allegedly denying a "proper" grievance and suspending his access to filing a grievance. The first portion of the claim fails because a due process claim cannot be premised on the denial of a prisoner's grievance. *See Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003) ("The mere denial of a prisoner's grievance states no claim of constitutional dimension."); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. Oct. 30, 2003) ("[T]here is no inherent constitutional right to an effective grievance procedure") (citing cases). The later portion fails because the alleged 90-day suspension of access to filing a grievance, a mere pause in access, does not violate any due process right. The Sixth Circuit has made clear that "there is no constitutionally protected due process right to unfettered access to prison grievance procedures." *Walker v. Michigan Dept. of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). Accordingly. Plaintiff has failed to state a due process claim.

Third, Plaintiff's complaint fails to allege a plausible First Amendment retaliation claim. The Sixth Circuit has held that "an inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf." *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). Yet this protection extends only to non-frivolous grievances. *Id.*; *Maben v. Thelen*, 887 F.3d 252, 264 (6th Cir. 2018). "To succeed on a First Amendment claim of retaliation, a plaintiff must establish three elements: (1) he engaged in the protected conduct; (2) an adverse action was taken against [him] that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by the protected

conduct." *Harris v. Sowers*, No. 22-4060, 2024 U.S. App. LEXIS 2772, at *6 (6th Cir. Feb. 6, 2024) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)). Under the first element, protected conduct includes an inmate's First Amendment right to file grievances. *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010).

Plaintiff's complaint refers to multiple "kites," "informal complaints," and "grievances," but it does not set forth allegations that sufficiently identify which of these complaints, or what specific protected conduct he engaged in, that serves as the basis for the asserted retaliation claims against Defendants Lloyd, Melton, and Albert. There are no dates provided for any of the alleged protected conduct or the specific retaliatory actions by Defendants. The factual allegations underlying this claim do not provide sufficient notice to Defendants of the precise claims against them. *City of Pikeville v. Cebridge Acquisition, LLC*, No. 23-5770, 2024 U.S. App. LEXIS 10234, at *5–6 (6th Cir. Apr. 25, 2024) ("A complaint must 'plead claims and allegations with [sufficient] clarity' to give a defendant fair notice of the claims and the grounds upon which they rest." (quoting *Kensu v. Corizon, Inc.*, 5 F.4th 646, 650 (6th Cir. 2021) (alteration in original)). Without any timeline or well-pleaded allegations linking the alleged protected conduct and retaliatory conduct, the complaint merely puts forward vague and conclusory allegations of misconduct against Defendants that are insufficient to sustain a claim of retaliation under the First Amendment. *See Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 377 (6th Cir. 2011).

Finally, Plaintiff's complaint fails to state a plausible claim for "civil conspiracy." "A civil conspiracy under § 1983 is an agreement between two or more persons to injure another by unlawful action." *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011) (quoting *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007)) (cleaned up). To prevail on such a claim, a plaintiff must show: "(1) a 'single plan' existed; (2) defendants 'shared in the general conspiratorial

6

objective' to deprive the plaintiff of his constitutional rights, and (3) 'an overt act was committed in furtherance of the conspiracy that caused [the plaintiff's] injury.'" *Webb v. United States*, 789 F.3d 647, 670 (6th Cir. 2015) (quoting *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir.1985)) (alternation in original).

Plaintiff alleges that Defendants Lloyd and Albert conspired to fabricate documents to justify the removal of Plaintiff from his job as a law clerk. (ECF No. 1, PageID #6–7). However, Plaintiff's allegations of conspiracy are conclusory, speculative, and do not plausibly demonstrate the required elements. The pleadings, even viewed in the light most favorable to Plaintiff, fail to provide allegations establishing a link between the alleged conspirators or any agreement between them. In fact, there are no allegations that one of the two alleged conspirators (Defendant Lloyd) engaged in any conduct related to the conspiracy to remove Plaintiff from his position as law clerk. Plaintiff wholly relies on conclusory statements that Defendants Lloyd and Albert "conspired" and "colluded" together. Such allegations do not contain "enough factual matter (taken as true) to suggest that an agreement was made." *Twombly*, 550 U.S. at 556. Because Plaintiff's civil conspiracy claim is entirely conclusory, it must be dismissed for failure to state a claim.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court **CERTIFIES**, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: February 10, 2025

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**